## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Dunn

v.

Housing Warranty Corp. et al.

August 1, 1991

Case No. L-90-448

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the plaintiffs' claim against co-defendants Norman J. and Rita D. Gallimore is demurrable on the ground that it is barred by the statute of limitations. The court holds that it is.

Because the case is before the court on demurrer, all facts alleged in the motion for judgment and all reasonable inferences that may be drawn from the allegations are deemed admitted and true. *Grossman v. Sanders*, 237 Va. 113 (1989). As alleged in the motion for judgment, the facts are as follows.

On June 20, 1985, the plaintiffs purchased a newly-constructed home from the Gallimores, who are in the construction business. The plaintiffs went to settlement, took title, and went into possession on the same date.

At settlement, the Gallimores provided a written warranty to the plaintiffs. The warranty states that the home "is free from structural defects" and "is constructed in a workmanlike manner." The document also states that it "shall extend from [for] one year from date hereof."

In June, 1989, the plaintiffs "discovered a major structural defect . . . in the form of severe and excessive settlement evidenced by a separation of the chimney from the main structure of the house, severe cracking, and failure of various load-bearing parts of the home." They notified the Gallimores and demanded correction, to no avail.

The plaintiffs' claim against these defendants is on the written warranty provided to them by the Gallimores. The applicable period of limitation is five years. Virginia Code § 8.01-246 and § 8.01-250. The real issue con-

cerns the date on which the period of limitation began to run. Five years from that date, the plaintiffs' right of action was barred.

The Gallimores argue that the period is calculated from the date on which the plaintiffs went to settlement and took possession. Thus, they reason, the statute expired on June 20, 1990. The plaintiffs argue that the warranty effectively extended the five-year period by one year; or, in the alternative, the statute ran only from the date they discovered the defect.

Taking the plaintiffs' second argument first, it is well settled that the statute of limitation begins to run when the cause of action accrues, and in a contract case, the cause of action "shall be deemed to accrue and the prescribed limitation period shall begin to run from the date . . . when the breach of contract or duty occurs . . ." and not when the resulting damage is discovered. Virginia Code § 8.01-230; see also *Harbour Gate Owners' Ass'n v. Berg*, 232 Va. 98 (1986). The General Assembly has modified (some would say modernized) the rule in certain types of cases not applicable here. In the case at bar, the time of discovery of the damage is wholly irrelevant to an accrual of a cause of action.

(If the parties had intended that a cause of action would accrue when a defect was *discovered* during the warranty period, they could have used language that said so. Compare, for example, the wording of the Gallimores' warranty with the language in the HWC warranty, also a part of this litigation.)

As for the plaintiffs' other argument, the court does not agree that the expiration date of a warranty is necessarily the commencement date of the running of the period of limitations. A warranty period is not a limitation governing the assertion of a right of action; rather, it defines the period within which a cause of action for breach of warranty may accrue. The warranty period circumscribes the interval of time within which the warranty exists. If a breach occurs before the warranty expires, a cause of action accrues. See *Harbour Gate Owners' Ass'n, supra.*

When did the plaintiffs' cause of action accrue? From their pleading, and the only plausible inference that can be drawn from it, the structural defects that allegedly caused damage existed at the time they purchased the house. Thus, the warranty was breached on the date it was signed, and the plaintiffs' cause of action began to run at that point.

If the defect occurred some time after the purchase, during the warranty period, the statute of limitations would commence on that date. The plaintiffs will be permitted to amend their motion for judgment as to these co-defendants, setting forth allegations that would avoid this facial flaw in

their pleading, if they be so advised; otherwise, the claim will be dismissed as to the Gallimores on the ground that it is barred by the statute of limitations for the reasons explained above.